UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| MYLES G. KELLY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:11CV0033AGF (LMB) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge Lewis M. Blanton's Report and Recommendation (Doc. No. 19) that the decision of the Commissioner denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act be affirmed. Plaintiff Myles G. Kelly has filed an objection to the Report and Recommendation. (Doc. No. 20.)

When a party objects to a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *United States v. Azure*, 539 F.3d 904, 911 (8th Cir. 2008) (citing *United States v. Lothridge*, 324 F.3d. 599, 600 (8th Cir. 2003)).

In objecting to Magistrate Judge Blanton's recommendation that the Commissioner's decision be affirmed, Plaintiff relies on his previously filed briefs. (Doc. Nos.12 &18.) Plaintiff asserts that the administrative law judge (the "ALJ") incorrectly concluded that Plaintiff continued to bear the burden of proof at step four of the analysis. Plaintiff further contends that the Vocational Expert's ("VE") testimony demonstrated that Plaintiff was unable to perform his past relevant work as a railroad construction manager and that the ALJ should have asked the VE additional questions to clarify his testimony.

In his Report and Recommendation, Magistrate Judge Blanton thoroughly discussed the applicable law and analyzed in detail why he concluded that the burden did not shift to the Commissioner at step four and why the ALJ was under no obligation to clarify the VE's testimony through additional questioning. Upon its own review of the pertinent portions of the transcript, the ALJ's opinion, and the briefs on file, the Court now concludes that Plaintiff's objection to the Report and Recommendation is without merit.

Specifically, the Court finds that the burden did not shift from Plaintiff to the Commissioner and therefore that the ALJ was not required to rely upon the VE's testimony. Throughout the disability determination process, the burden remains on the claimant until he adequately demonstrates an inability to perform his previous work, at which time the burden shifts to the Commissioner to demonstrate the claimant's ability to perform other work as it exists in the national economy. *Hurd v. Astrue,* 621 F.3d

734,738 (8th Cir. 2010) (citing *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir.1998)); 20 C.F.R. §§ 404.1520(f), 416.920(f).

The ALJ found, on the basis of the record as a whole, including the medical evidence adduced, that Plaintiff had the Residual Functional Capacity ("RFC") to perform his past relevant work as a railroad construction director or manager.[1] Given this finding, the burden never shifted to the Commissioner to show Plaintiff's ability to perform other work, and vocational expert testimony was not required. *See Lewis v. Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003) ("[v]ocational expert testimony is not required at step four where the claimant retains the burden of proving [he] cannot perform [his] prior work").

Although the ALJ was not required to rely on VE testimony at this stage and such testimony was not necessary to support his determination, it was not improper for the

---

[1] The DOT defines the position as follows:

CODE: 182.167-018
TITLE(s): RAILROAD-CONSTRUCTION DIRECTOR
Plans and coordinates activities of workers engaged in constructing, installing, inspecting, and maintaining railroad track and rights-of-way within assigned district of railroad: Plans work assignments and schedules. Requisitions supplies and materials to complete construction projects. Dispatches workers and equipment to scenes of accidents and impassable roadbeds or tunnels to repair damage and restore service. Investigates accidents, defective tracks, and obstructions to rights-of-way and issues restorative work orders. Prepares reports stating causes of accidents or concerning condition of tracks and issues recommendations to prevent future accidents, damage, or track deterioration. Recommends construction of new tracks.

3

ALJ to elicit testimony from the VE. *See* 20 C.F.R. § 404.1560(b)(2) ("[w]e may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity").

The ALJ posed a hypothetical based upon Plaintiff's RFC, and in response, the VE opined that an individual with the specified limitations could perform Plaintiff's past relevant work as a railroad construction manager as defined in the Dictionary of Occupational Titles ("DOT"[2].) (Tr. 81& 83-4.) Specifically, the VE testified that an individual with these limitations could perform Plaintiff's past work "the way it's listed in the DOT." He also testified that "[t]he way a crew chief works in actual practice on a railroad, the answer is no." (Tr. 84).

A claimant is not deemed disabled if he retains the RFC to perform either "[t]he actual functional demands and job duties of a particular past relevant job; or the functional demands and job duties of the occupation as generally required by employers throughout the national economy." Social Security Ruling 82-61; *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007); *Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000); *Martin v. Sullivan*, 901 F.2d 650, 653-54 (8th Cir. 1990) (rejecting argument that a claimant shows an inability to return to past relevant work by showing an inability to perform the

---

[2] Plaintiff does not argue that his past relevant work was improperly categorized as "railroad construction manager."

4

past work as it was actually performed in the past). An ALJ may take administrative notice of job information in the DOT to determine the job duties of an occupation as generally required by employers in the national economy. *Jones v. Chater,* 86 F.3d 823, 826 (8th Cir. 1996); 20 C.F.R. § 404.1566(d)(1).

The ALJ was not required to credit the VE's further testimony that the position as performed by Plaintiff in the past, was "medium" rather than "light" work, and that, in his opinion, the Plaintiff could not perform the work "[t]he way a crew chief works in actual practice," because it did not form the basis for his determination at step four. *Banks v. Massanari*, 258 F.3d 820, 828 (8th Cir. 2001) ("Because the ALJ was not required to utilize the services of a VE to begin with, he did not err in failing to further clarify the VE's opinion by eliciting further testimony from the VE.") (citing *Gilbert v. Apfel,* 175 F.3d 602, 604 (8th Cir. 1999); and *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000)); *cf. Jones v. Astrue* , 619 F.3d 963, 978 (8th Cir. 2010) (quoting *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997) (holding that at step five, when expert testimony conflicts with the DOT, and the DOT classifications are not rebutted, the DOT controls)). Because the ALJ had no obligation to credit or rely upon the VE's testimony, he had no obligation to further examine the VE to clarify that testimony. *See Banks*, 258 F.3d at 828. Thus, the ALJ did not err in failing to inquire further of the VE.

On the basis of a thorough review of the record and the reasoning set forth above, Plaintiff's objections are overruled, and the Court adopts Magistrate Judge Blanton's Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton is sustained, adopted, and incorporated herein. (Doc. No. 19.)

**IT IS FURTHER ORDERED** that the decision of the Commissioner denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act is **AFFIRMED**.

A separate judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2012.